UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CHAMBERS OF
**JESSICA S. ALLEN**
UNITED STATES MAGISTRATE JUDGE

Martin Luther King, Jr. Federal Bldg.
& U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102
(973-645-2580)

## REPORT & RECOMMENDATION

March 25, 2024

**To:**   *All Defense Counsel of Record via ECF*

<u>Via Regular U.S. Mail</u>
Ms. Anna Goodwin
68 N. Lakewalk Drive
Palm Coast, FL 32137

**Re:**   ***Bowden, et al. v. Sarabando, et al.*,**
<u>**Civil Action No. 06-4427 (MEF) (JSA)**</u>

Dear Ms. Goodwin and Counsel:

  Before the Court is the letter of non-party Anna Goodwin filed on February 6, 2024, (ECF No. 58), which this Court construes as Ms. Goodwin's petition to reopen the case on behalf of her grandson Connor Bowden ("Connor") in order to compel Plaintiff Jonathon Bowden ("Jonathon") to comply with the terms of the Settlement reached between Plaintiffs Christina Bowden ("Christina"), Jonathan, and Christina Bowden as Guardian Ad Litem for Connor, and Defendant United States of America. (ECF No. 53-1). The stipulated settlement terms were memorialized and approved by the Honorable Claire C. Cecchi during a Friendly Hearing on March 1, 2010.[1] (ECF Nos. 54-55). As stated in her petition, Ms. Goodwin is the maternal grandmother of Connor and the mother of Christina, who died on January 14, 2013, (ECF No. 58 at 1), three years after this case was closed. Prior to her death, Christina and Jonathan were married.

  On March 5, 2024, this Court conducted a Telephone Status Conference with counsel for Plaintiffs, Defendant United States, and Defendant County of Essex to address Ms. Goodwin's petition. During the Conference and as memorialized in the Court's March 5, 2024 Order, (ECF No. 61), Plaintiff's counsel was directed to submit a response to the petition or on before March 8, 2024. In his March 6, 2024 letter, counsel stated that his firm had represented both Jonathon and Connor, while this case had been pending, and thus does not take a position regarding the

---

[1] This matter was reassigned to the Undersigned on February 16, 2024 (ECF No. 57), fourteen years after the parties' settlement was approved and the case was closed.

relief sought by Ms. Goodwin.  (*Id.*).  On the same date, Ms. Goodwin filed another letter reiterating that Jonathan "has not met the terms of the original agreement as stipulated in their Court Case," (ECF No. 63 at 1), and has not complied with the terms of Christina's Will, wherein she allegedly bequeathed monies to Connor to attend college. (*Id.*). According to Ms. Goodwin, Connor, now 18 years old, has become estranged from his father, Jonathan.  Therefore, Ms. Goodwin asks this Court to reopen the case "to ensure that all funds due be placed in Trust or in a Savings for Connor . . . to attend . . ." the college of his choice.  (*Id.* at 2).

The Court did not hear oral argument pursuant to Fed. R. Civ. P. 78.  Having considered Ms. Goodwin's petition and the response of Plaintiffs' counsel, and for the reasons set forth below, and for good cause shown, it is respectfully recommended that Ms. Goodwin's petition to reopen the case be **DENIED**.

Preliminarily, the Court finds that Ms. Goodwin was neither a party to the litigation nor served as a representative to any party during the pendency of this action, and thus has no standing to petition the Court to reopen the matter.  Turing to the merits, Plaintiffs and Defendant United States stipulated to the terms of the Settlement, which Judge Cecchi approved during a Friendly Hearing.  While the District Court issued an Order of Dismissal on January 4, 2010, (ECF No. 47), wherein it retained jurisdiction over the settlement to enforce its terms, this is of no moment, as the petition does not seek to enforce the settlement as between the three Plaintiffs and Defendant. The crux of Ms. Goodwin's petition is that Christina bequeathed monies from her estate to Connor, which Jonathan has allegedly failed to honor.  As such, this is a familial probate dispute between two plaintiffs, involving the challenge by one regarding the dispersed monies from Plaintiff Christina's estate.  Therefore, the petition is not properly before this Court of limited jurisdiction. *Marshall v. Marshall*, 547 U.S. 293, 312 (2006) (probate matters are for state courts); *see also Matter of Estate of Curcio*, 2016 WL 6540449, at *4 (D.N.J. Nov. 3, 2016).

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen (14) days after service of a copy thereof.

The Clerk of the Court is directed to serve a copy of this Report & Recommendation on Ms. Goodwin by regular U.S. mail.

**SO ORDERED**.

s/Jessica S. Allen
**HON. JESSICA S. ALLEN**
**United States Magistrate Judge**

cc:   Hon. Michael E. Farbiarz, U.S.D.J.